UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DEANGELO,

                Plaintiff,

-against-

MAXIMUS/NY MEDICAID CHOICE and
SULLIVAN COUNTY DEPT OF SOCIAL
SERVICES

                Defendants.

Case No. 7:19-cv-07957 (CS)

**DEFENDANT MAXIMUS, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant MAXIMUS, Inc., incorrectly named herein as Maximus/NY Medicaid Choice ("Defendant" or "MAXIMUS"), by and through its undersigned attorneys, respectfully submits the following Answer and Affirmative and Other Defenses to Plaintiff Deborah DeAngelo's ("Plaintiff") Complaint ("Complaint") in the above-captioned action.[1]

## GENERAL DENIAL

1. Except as expressly admitted herein, Defendant denies each and every allegation of wrongdoing set forth in the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

2. Defendant denies that there are any triable issues of fact in this action.

---

[1] While Plaintiff has listed Jennifer Herrera, Lydia Slinkowski Cortez, and another illegible individual in the caption of her Complaint, Plaintiff did not list these individuals as defendants in Paragraph "I.B" of the Complaint. Further, these individuals were not served with process of the Complaint and are not subject to liability as a matter of law under the Americans with Disabilities Act and/or the Rehabilitation Act of 1973.

1

## AS TO "PARTIES"

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "I.A." of the Complaint, except avers that MAXIMUS' personnel records reflect that Plaintiff resides in Greenfield Park, New York.

4. Defendant lacks knowledge or information sufficient to form a belief as to the trust of the allegations set forth in Paragraph "I.B." of the Complaint with respect to Defendant Sullivan County Dept of Social Services, but avers that MAXIMUS has an office located at 30 Broad Street, New York, New York.

## AS TO "PLACE OF EMPLOYMENT"

5. Defendant denies the allegations set forth in Paragraph "II." of the Complaint, except avers that, for part of Plaintiff's employment with MAXIMUS, she was assigned to its New York State Department of Health program at the Sullivan County Local Department of Social Services office.

## AS TO "CAUSE OF ACTION"

6. Defendant denies the allegations set forth in Paragraph "III.A." of the Complaint, except avers that Plaintiff purports to bring an action under the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990, but denies that Plaintiff is entitled to any relief for these claims.

7. Defendant denies the allegations set forth in Paragraph "III.B." of the Complaint, except avers that Plaintiff purports to bring an action under the New York State Human Rights Law and other potential unasserted claims for review with the New York Legal Assistance Group, but denies that Plaintiff is entitled to any relief for these claims.

## AS TO "STATEMENT OF CLAIM"

8. Defendant denies each and every allegation set forth in Paragraph "IV.A." of the Complaint.

9. Defendant neither admits nor denies the allegations set forth in Paragraph "IV.B." of the Complaint on the grounds that they contain no factual assertions to which a response is required.

## AS TO "ADMINISTRATIVE PROCEDURES"

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "V" of the Complaint, except avers that Plaintiff appended to the Complaint a dismissal and notice of right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").

## AS TO "RELIEF"

11. Defendant denies that Plaintiff is entitled to any and all alleged relief set forth in Paragraph "VI." of the Complaint.

## AS TO ADDITIONAL ALLEGATIONS[2]

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint, except avers that MAXIMUS received an incident report on or around January 15, 2015 stating that Plaintiff's right elbow was hit by a steel door.

---

[2] Defendant attaches hereto a copy of the Complaint with numbered paragraphs of the handwritten additional allegations appended to the Complaint for ease of reference. Defendant has attempted to decipher these handwritten allegations to the best of its ability. To the extent Defendant misinterpreted the allegations or could not comprehend them, such allegations are denied.

13. Defendant denies each and every allegation set forth in Paragraph "2" of the Complaint.

14. Defendant denies each and every allegation set forth in Paragraph "3" of the Complaint, except avers that Defendant contacted Plaintiff upon her leave of absence expiring to inquire when she plans to return to work.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "4" of the Complaint, except avers that MAXIMUS received an incident report on or around September 27, 2016 stating that Plaintiff's forearm was hit by a steel door.

16. Defendant denies each and every allegation set forth in Paragraph "5" of the Complaint, except avers that, upon Plaintiff being able to return to work, MAXIMUS no longer operated at the Sullivan County Local Department of Social Services office and, therefore, reasonably offered several placement locations to Plaintiff.

17. Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint.

18. Defendant denies each and every allegation set forth in Paragraph "7" of the Complaint, except avers that MAXIMUS offered to provide Plaintiff with reasonable and necessary equipment at any of the placement locations.

19. Defendant denies each and every allegation set forth in Paragraph "8" of the Complaint.

20. Defendant denies each and every allegation set forth in Paragraph "9" of the Complaint.

21. Defendant denies each and every allegation set forth in Paragraph "10" of the Complaint, except avers that MAXIMUS attempted to engage in an interactive process to offer Plaintiff multiple reasonable accommodations.

22. Defendant denies each and every allegation set forth in Paragraph "11" of the Complaint.

23. Defendant denies each and every allegation set forth in Paragraph "12" of the Complaint.

24. Defendant denies each and every allegation set forth in Paragraph "13" of the Complaint.

25. Defendant denies each and every allegation set forth in Paragraph "14" of the Complaint.

26. Defendant denies each and every allegation set forth in Paragraph "15" of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint, except avers that MAXIMUS received doctor's note from Plaintiff on or around May 24, 2017 stating that Plaintiff could perform at work with modified duties.

28. Defendant denies each and every allegation set forth in Paragraph "17" of the Complaint, except avers that MAXIMUS attempted to engage in an interactive process to offer Plaintiff multiple reasonable accommodations.

29. Defendant denies each and every allegation set forth in Paragraph "18" of the Complaint.

30. Defendant denies each and every allegation set forth in Paragraph "19" of the Complaint.

31. Defendant denies each and every allegation set forth in Paragraph "20" of the Complaint.

32. Defendant denies each and every allegation set forth in Paragraph "21" of the Complaint.

33. Defendant denies each and every allegation set forth in Paragraph "22" of the Complaint.

34. Defendant denies each and every allegation set forth in Paragraph "23" of the Complaint, except avers that MAXIMUS and Plaintiff agreed Plaintiff would transfer to a telecommuter role as part of MAXIMUS' call center operations, requiring Plaintiff to attend a training session, which Plaintiff refused to attend three times, effectively voluntarily resigning from her position.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24 of the Complaint, except avers that the EEOC dismissed her Charge.

36. Defendant denies each and every allegation set forth in Paragraph "25" of the Complaint, except avers Plaintiff refused to attend a training session three times, effectively voluntarily resigning from her position.

37. Defendant denies each and every allegation set forth in Paragraph "26" of the Complaint, except avers that MAXIMUS sent a letter to Plaintiff dated September 18, 2018

explaining that Plaintiff's intention of not returning to work required MAXIMUS to terminate her employment.

## AS AND FOR DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## AS AND FOR DEFENDANT'S FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR DEFENDANT'S SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to timely and properly exhaust all necessary internal, administrative, statutory and/or jurisdictional prerequisites for the commencement of this action

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because she failed to use reasonable diligence to mitigate and/or minimize her alleged damages.

## AS AND FOR DEFENDANT'S FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not alleged a disability and/or was not a qualified individual with a disability.

## AS AND FOR DEFENDANT'S SIXTH DEFENSE

To the extent that Plaintiff was entitled to and sought a reasonable accommodation, Defendant had no obligation to provide Plaintiff with the particular accommodation sought.

## AS AND FOR DEFENDANT'S SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any accommodations Plaintiff might have requested would have caused an undue hardship or would have fundamentally altered the nature of Defendant's programs.

## AS AND FOR DEFENDANT'S EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was unable to perform the essential functions of the job, with or without reasonable accommodations.

## AS AND FOR DEFENDANT'S NINTH DEFENSE

Any and all actions taken by Defendant with regard to Plaintiff were based on legitimate, non-discriminatory and/or non-retaliatory business reasons, and would have been taken regardless of Plaintiff's alleged disability.

## AS AND FOR DEFENDANT'S TENTH DEFENSE

The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and to correct promptly any alleged discriminatory, harassing or retaliatory conduct, and/or Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid her alleged harm.

**AS AND FOR DEFENDANT'S ELEVENTH DEFENSE**

At all relevant times, Defendant acted reasonably and in good faith and did not violate, interfere with, refuse or deny any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations, codes, guidelines or common law and did not retaliate against Plaintiff.

**AS AND FOR DEFENDANT'S TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, the after-acquired evidence doctrine, set-off and/or other equitable defenses.

**AS AND FOR DEFENDANT'S THIRTEENTH DEFENSE**

To the extent Plaintiff seeks punitive and/or compensatory damages, such claims for damages under the Americans with Disabilities Act and Rehabilitation Act are limited by the applicable statutory caps on punitive and compensatory damages as a matter of law.

**AS AND FOR DEFENDANT'S FOURTEENTH DEFENSE**

To the extent Plaintiff seeks punitive damages or attorneys' fees under the New York State Human Rights Law, these claims for damages are barred because such damages are not recoverable under the statute (as applicable to Plaintiff's claims) and because she is proceeding *pro se*.

**AS AND FOR DEFENDANT'S FIFTEENTH DEFENSE**

To the extent Plaintiff is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant acted in good faith

and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend their answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>58 South Service Road, Suite 250<br>Melville, New York 11747<br>(631) 247-0404<br><br>666 Third Avenue, 29th Floor<br>New York, New York 10017<br>(212) 545-4000 |
| Dated: April 13, 2020<br>New York, New York | By:   s/ Kathryn J. Barry<br>         Kathryn J. Barry<br>         Ryan C. Chapoteau<br>         *Attorneys for Defendant*<br>         *MAXIMUS, Inc.* |

## **CERTIFICATE OF SERVICE**

I, Kathryn J. Barry, hereby certify and affirm that on April 13, 2020, a true and correct copy of the foregoing DEFENDANT MAXIMUS, INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT was served via ECF to all parties indicated on the electronic filing receipt and via the United States Postal Services upon the following:

Deborah DeAngelo
*Plaintiff*
150 Martinfeld Road
P.O. Box 65
Greenfield Park, NY 12435

Michael Davidoff, Esq.
*Attorneys for Sullivan County Dept of Social Services*
Drew, Davidoff & Edwards Law Offices, LLP
13 Liberty Street, Po Box 1040
Monticello, NY 12701

Dated: New York, New York
April 13, 2020

s/Kathryn J. Barry
Kathryn J. Barry

4819-1609-6186, v. 1